# COMPOSITE EXHBIT – 1

# COMPLAINT

State Court Docket No. 5

**IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT, IN AND FOR
CITRUS COUNTY, FLORIDA**

JEAN-PIERRE B. MEDANI,

     Plaintiff,

v.                                    **Case No.:** 2024 CA 000198 A

LEXISNEXIS RISK SOLUTIONS, INC.,

     Defendant.

_____/

### COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JEAN-PIERRE B. MEDANI, by and through undersigned counsel, and asserts claims against Defendant, LEXISNEXIS RISK SOLUTIONS, INC.:

### JURISDICTION

1.    This is an action for damages.

2.    This action arises out of LEXISNEXIS RISK SOLUTIONS, INC.'s violations of the federal Fair Credit Report Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, in its improper reporting that Plaintiff was deceased on his credit report.

3.    Venue is proper in Citrus County because the acts and transactions occurred here, and Defendant transacts business here.

### PARTIES

4.    Jean-Pierre B. Medani ("Mr. Medani") is a natural person who resides in Citrus County, Florida.

5.    LEXISNEXIS RISK SOLUTIONS, INC. ("Lexis") is a Georgia corporation operating from its principal address of 1000 Alderman Drive, Alpharetta, Georgia 30005, with a designated Florida registered agent of C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

## FACTUAL ALLEGATIONS

6.      Mr. Medani allegedly incurred a financial obligation for personal credit card to Comenity Bank ("Comenity") (hereinafter referred to as the "Debt").

7.      Mr. Medani maintained a small balance on the Debt, which he routinely and timely paid in compliance with the terms between him and Comenity.

8.      Upon information obtained, sometime on or around January 2, 2023, Lexis reported to Comenity that Mr. Medani was deceased.

9.      In response to Lexis's reported information, Comenity proceeded to close Mr. Medani's account and report him as deceased to the three major credit reporting agencies, Trans Union, Equifax, and Experian.

10.    Mr. Medani was not and is not deceased.

11.    Upon discovering that his three major credit reports reflected him as deceased, on January 14, 2023, Mr. Medani took action to investigate this improper reporting.

12.    Comenity asserted that it would reverse its mistake, reopen the Debt account, and asked Mr. Medani to allow 30 days for the credit reports to be updated.

13.    On January 16, 2023, Mr. Medani took the day off from work to meet with the Social Security Administration to ensure that it did not rely on the credit reports and deem him deceased in the Administration's system as well.

14.    Subsequently, between January 16 and February 2023, it appeared as though Comenity corrected the Debt account, as Mr. Medani's credit reports were updated to show him still living.

15.    Upon information and belief, Comenity also informed Lexis of Lexis's incorrect report.

16.    However, on March 6, 2023, Comenity again reported Mr. Medani as deceased, again, relying on incorrect information from Lexis.

17. Mr. Medani followed the same steps of contracting Comenity about the error, who again confirmed that it was a mistake and would be corrected.

18. On March 29, 2023, Comenity sent Mr. Medani a letter formally closing the Debt account and stating that he could reapply for a new account.

19. Subsequently, Comenity terminated Mr. Medani's ability to pay on the Debt, advising him that because Comenity shows him as deceased and due for July 2023's payment, and that the Debt account has been transferred to Ascension for collection from the decedent estate.

20. Ascension called Mr. Medani and requested to speak to the personal representative for the estate of Mr. Medani demanding over $4,000 when Mr. Medani was not in default on the terms of the Debt agreement.

21. Mr. Medani informed Ascension that he was not deceased, to which Ascension responded that he would need to prove the fact that he was not deceased to them.

22. When Mr. Medani inquired as to how he could prove the fact that he was not deceased to Ascension, Ascension advised him that it did not know, there was no procedure for the situation.

23. Several days later, Ascension sent a letter addressed to the Estate of Jean-Pierre B Medani seeking to identify who has authority to act on behalf of the Estate.

24. Mr. Medani brought claims against Comenity and Ascension, where it was learned that the events occurred due to Lexis's improper and incorrect reporting.

25. Mr. Medani has been damaged as a result of Lexis's conduct.

3

## CLAIMS

### *Count I – Violation of the FCRA*

26.   Mr. Medani incorporates by reference 1 – 25 of the paragraphs above as though fully stated herein.

27.   Lexis is a consumer reporting agency as defined by the FCRA.

28.   The foregoing acts and omissions of the Lexis constitute violations of the FCRA.

29.   Specifically, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.  15 U.S.C. sec. 1681e(b).

30.   By Lexis reporting Mr. Medani as deceased when he was and is, in fact, living, Lexis prepared a report that is unquestionably inaccurate.

31.   Lexis's inaccurate reporting was willful, reckless, and/or negligent.

32.   Lexis's procedures to maintain maximum possible accuracy regarding Mr. Medani are clearly unreasonable, as Mr. Medani has never been deceased for such a reporting to be made.

33.   As a result of Lexis's willful violations of the FCRA, Mr. Medani is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n from Lexis.

34.   Additionally, 15 U.S.C. § 1681n provides that a court may award punitive damages. Mr. Medani will seek to amend this claim to seek same if discovery shows punitive damages may be proper.

35.   As a result of Lexis's negligent violations of the FCRA, Mr. Medani is entitled to actual damages and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o from Lexis.

**RELIEF REQUESTED**

WHEREFORE, Mr. Medani prays that judgment be entered against Lexis:

- awarding actual damages pursuant to 15 U.S.C. § 1681n;

- awarding statutory damages pursuant to 15 U.S.C. § 1681n;

- awarding actual damages pursuant to 15 U.S.C. § 1681o;

- awarding costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n

& 1681o; and

- awarding such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Mr. Medani is entitled to and hereby respectfully demands a trial by jury on all issues so

triable.

> F&L LAW GROUP, P.A.
> 5237 Summerlin Commons Blvd.
> Suite 229
> Fort Myers, FL 33907
> Main – 239-323-0896
> Dir. – 239-323-0927
> www.FLLawGroup.com
>
> */s/ David W. Fineman*
> David W. Fineman, Esq.
> FBN: 0040993
> DFineman@FLLawGroup.com
> Secondary email – *electronic service only*:
> EService@FLLawGroup.com

F&LLG File No.: 135.01

5